McGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>        v.<br><br>SEAN KARJALA,<br><br>                  Defendant. | CASE NO. 2:13-CR-00164 JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: April 21, 2020<br>TIME: 9:15 a.m.<br>COURT: Hon. John A. Mendez |

This case is set for status hearing on April 21, 2020. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although General Order 611 addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

1    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

2 and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances

3 are excludable only if "the judge granted such continuance on the basis of his findings that the ends of

4 justice served by taking such action outweigh the best interest of the public and the defendant in a

5 speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets

6 forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice

7 served by the granting of such continuance outweigh the best interests of the public and the defendant in

8 a speedy trial."  *Id.*

9    The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

10 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

11 natural disasters, or other emergencies, this Court has discretion to order a continuance in such

12 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

13 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

14 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

15 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

16 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

17 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

18    In light of the societal context created by the foregoing, this Court should consider the following

19 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

20 justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date

21 for the [event].  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

22 continuance must be "specifically limited in time").

### STIPULATION

23

24    Plaintiff United States of America, by and through its counsel of record, and defendant, by and

25 through defendant's counsel of record, hereby stipulate as follows:

26    1.    By previous order, this matter was set for status on April 21, 2020.

27    2.    By this stipulation, defendant now moves to continue the status conference until June 23,

28 2020 at 9:15 a.m., and to exclude time between April 21, 2020, and June 23, 2020, under Local Code

T4.  On its own motion in light of General Orders 611 and 612, this Court continued this matter to June 23, 2020. ECF 81.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has provided discovery to defense counsel consisting of investigative reports, photographs, and witness statements.  The government has also made available additional discovery materials for counsel's inspection at the US Attorney's Office.  In light of the current COVID19 pandemic, the government will provide copies of the additional discovery materials to defense counsel for review.

b)       The defendant was recently sentenced in Trinity County to 30 years to life in state prison and has been returned to federal custody in the above-entitled case.  Defense counsel continues to conduct legal and factual research related to the defendant's state conviction and its potential impact on resolution of the defendant's federal case.  Counsel for defendant needs additional time to review the already provided and forthcoming discovery, consult with the defendant, conduct research and to otherwise prepare for trial.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

1    et seq., within which trial must commence, the time period of April 21, 2020 to June 23, 2020,

2    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

3    because it results from a continuance granted by the Court at defendant's request on the basis of

4    the Court's finding that the ends of justice served by taking such action outweigh the best interest

5    of the public and the defendant in a speedy trial.

6         4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the

7    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

8    must commence.

9         IT IS SO STIPULATED.

10

11

12    Dated:  April 16, 2020                     McGREGOR W. SCOTT
                                                 United States Attorney
13

14                                              /s/ HEIKO P. COPPOLA
                                                HEIKO P. COPPOLA
15                                              Assistant United States Attorney

16

17    Dated:  April 16, 2020                     /s/ BENJAMIN D.
                                                 GALLOWAY
18                                              BENJAMIN D. GALLOWAY
                                                Counsel for Defendant
19                                              SEAN KARJALA

20

21

22                              **FINDINGS AND ORDER**

23         IT IS SO FOUND AND ORDERED this 16th day of April, 2020.

24

25                                              /s/ John A. Mendez
                                                THE HONORABLE JOHN A. MENDEZ
26                                              UNITED STATES DISTRICT COURT JUDGE

27

28