PHILLIP A. TALBERT
United States Attorney
HEIKO P. COPPOLA
ROGER YANG
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEAN ERIN KARJALA,<br><br>Defendant. | CASE NO. 2:13-CR-00164 JAM<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>DATE: September 10, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

## I. INTRODUCTION

The United States, by and through the undersigned Assistant United States Attorney, submits this memorandum in support of its sentencing recommendation of 360 months incarceration followed by an appropriate term of supervised release, sex offender registration, and payment of restitution.

## II. FACTS AND PROCEDURAL HISTORY

On June 23, 2023, Sean Erin Karjala ("Karjala") pleaded guilty as charged to the single count indictment charging him with the production of child sexual abuse material in violation of 18 U.S.C. § 2251(a). Karjala pleaded guilty without the benefit of plea agreement.[1]

---

[1] The procedural history of this case is lengthy. Although Karjala was indicted in this district in 2013, he was separately charged with attempted murder in Trinity County. In or about 2015, Karjala was transferred to Trinity County via a Superior Court writ where he remained until the conclusion of his trial and appeal of his attempted murder case. Shortly after Karjala was returned to this district, his former defense counsel, Benjamin Galloway, took the bench and current defense counsel was appointed. After a suppression hearing, this matter was set for jury trial, however, Karjala later pleaded guilty.

The PSR contains detailed recitations of the relevant facts related to Karjala's criminal conduct in this case. In summary, Karjala had a months-long inappropriate sexual relationship with the minor female victim ("Confidential Victim 1") and produced images depicting child sexual abuse material with Confidential Victim 1.

In December 2012, a Tehama County District Attorney Investigator ("UC") posted an undercover Craigslist advertisement posing as a 15-year-old seeking "an older guy to teach me." Within 15 minutes, Karjala responded to the UC by email, describing himself as a person who is a "Dom" (someone who is involved in dominant / submissive sexual relationships), and as someone who loves "teaching younger women." Karjala also described himself as physically fit, attractive and 40 years old. Karjala sent photos of himself to the UC. Over the course of 200 emails sent through both Karjala's computer and his cell phone, Karjala described sexual acts that he would perform on the UC, who stated on at least two occasions that "she" was only 15. UC indicated that "she" attended a local high school.

On January 8, 2013, the UC stopped emailing with Karjala because of other investigative responsibilities. In April, the UC checked his undercover email account and found a message from Karjala dated January 25, 2013. In that email, Karjala inquired if the UC was still interested in a relationship. On April 8, 2013, the UC sent an email to Karjala and the conversation resumed.

During the April conversations, Karjala revealed that he had a "special friend" who went to a local high school (later identified as Confidential Victim 1), that he was in a sexual relationship with Confidential Victim 1, and that she was also 15 years old. Karjala said that he and Confidential Victim 1 were looking for a third person to join their relationship, and asked if the UC was interested in filling that role. Karjala mentioned that he and Confidential Victim 1 engaged in a threesome with another female. Karjala said that he was involved in a bondage relationship with Confidential Victim 1, and described several articles of bondage gear that he had purchased for Confidential Victim 1.

After learning about Confidential Victim 1, Tehama County investigators obtained a search warrant for Karjala's residence and place of business. During the search of the Karjala's home, investigators found multiple sexual bondage materials including a matching pink and white ankle and wrist cuff set and a collar which Karjala described in conversations with the UC. Law enforcement found girls' clothing that was commonly associated with younger females as well as a photo of Karjala

and Confidential Victim 1. In Karjala's vehicle, investigators found a duffle bag containing a bondage manual, condoms, and a local high school counseling slip with Confidential Victim 1's name. Also located on the Karjala cell phone were numerous images of Confidential Victim 1 engaged in sexual acts with another female. Karjala took these photographs of Confidential Victim 1 on or about February 8 or 9, 2013 using his cellular phone camera.

Confidential Victim 1's mother told investigators that Karjala posed as a high school friend's father and picked Confidential Victim 1 up for multiple overnight visits. When law enforcement identified and interviewed Confidential Victim 1, Confidential Victim 1 stated she had been in a sexual relationship with Karjala since January 2013, after answering a craigslist ad placed by Karjala looking for a "threesome." At one point during their relationship, Confidential Victim 1 ran away from home and spent three nights at Karjala's house. Confidential Victim 1 stated that Karjala restrained her and spanked her with a crop because bondage and submission was part of their relationship. Karjala purchased Confidential Victim 1 a ring, professed his love, and instructed her to not tell anyone about their relationship. Karjala engaged in multiple acts of sexual intercourse with Confidential Victim 1 during their relationship up until Karjala's arrest. Confidential Victim 1 confirmed that Karjala used restraints on her during sexual intercourse and provide descriptions of bondage-related items that were seized from Karjala's house.

Confidential Victim 1 indicated that she and Karjala had sexual intercourse with another unidentified female at Karjala's behest. Confidential Victim 1 said that she did not know that Karjala was taking photographs of her and the other female while they engaged in sexual activity. However, Karjala later showed Confidential Victim 1 the photographs.

### III.   ADVISORY GUIDELINE CALCULATIONS

Neither party filed formal objections. Under 18 U.S.C. § 2251(a), Karjala faces a mandatory minimum sentence of 15 years and a statutory maximum sentence of 30 years in federal prison. The minimum term of supervised release is 5 years up to life.

Because Karjala produced child sexual abuse material in violation of 18 U.S.C. § 2251(a), the base offense level is 32. *See* USSG § 2G2.1. Two levels are added because Confidential Victim 1 was over the age of 12 but under the age of 16 at the time of the offense. *See* USSG § 2G2.1(b)(1). An

addition two levels are added because the offense involved the commission of sexual contact. *See* USSG § 2G2.1(b)(2)(A). Finally, because Karjala engaged in a pattern of activity involving prohibited sexual conduct with Confidential Victim 1, he is a "repeat and dangerous sex offender against minors" and five levels are added under USSG § 4B1.5(b)(1). *See* PSR at 7. Before acceptance of responsibility, Karjala's adjusted offense level is 41.

The probation officer concluded, after acceptance of responsibility, that the total offense level was 39.[2] Karjala is a criminal history category III.[3] This results in an advisory sentencing guideline range of 324-360 months. The probation officer did not identify any factors warranting a sentence outside the advisory guidelines. The probation officer recommended a 360 month sentence at the high-end of the guidelines range because of the repeated abuse, and Karjala's involvement of another person in the abusive relationship. See PSR attachment 133-1 at 2. Additionally, the probation officer recommended a life term of supervised release and that Karjala's federal sentence be served consecutively to his state prison term.

The United States anticipates that Karjala will request that the Court impose a sentence below the applicable advisory guideline range based on the § 3553(a) factors and request that his federal sentence run concurrently with his state prison term.

For the reasons set forth below, the United States recommends a 360 month sentence consecutive to Karjala's state prison term, a life term of supervised release, sex offender registration, payment of

---

[2] Because the United States had begun preparing for trial in this matter, Karjala is only entitled to a 2 level reduction in offense level for acceptance of responsibility.

[3] Karjala is currently serving a state sentence for the attempted murder of a police officer. Karjala was convicted of this offense after a jury trial and the conviction was affirmed on appeal. The Trinity County Superior Court imposed a 36 years to life sentence in that case. This incident occurred on Aril 27, 2013 in Trinity County following the execution of Tehama County's search warrant at Karjala's home while he was on bond for state charges but prior to his indictment in this case. A California Highway Patrol officer stopped Karjala for speeding. The officer's observations let him to believe that Karjala was under the influence of alcohol and marijuana. When asked to perform a field sobriety test, Karjala exited the vehicle and advanced toward the officer with hatchet over his head. The officer eventually shot Karjala after being chased around his patrol car. Even after being wounded, Karjala again attempted to assault the officer with the hatchet.

restitution[4] and forfeiture of certain items seized by law enforcement.[5]

## IV. ANALYSIS

### A. United States' Sentencing Recommendation

In deciding what sentence to impose on a defendant, after determining the advisory sentencing guidelines, the Court is required to consider the factors enumerated in 18 U.S.C. § 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment and adequate deterrence, protect the public, and provide education or vocational training for the defendant; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing range set forth in the guidelines; (5) the sentencing guidelines policy statements; (6) avoidance of unwarranted sentencing disparities among similarly situated defendants and (7) providing restitution to victims of the offense.

There is no dispute that the probation officer correctly applied the advisory sentencing guidelines and calculated Karjala's criminal history category as set out at pages 7-10 of the PSR.

A sentence of 360 months consecutive to Karjala's state prison sentence is appropriate for the following reasons: (1) Karjala was, and remains, a sexual predator – because while in the midst of his inappropriate sexual relationship with Confidential Victim 1, Karjala was searching for yet another minor female victim as the chats with the UC confirmed; (2) but for Karjala's chats with an undercover law enforcement officer and subsequent arrest, his sexual abuse and exploitation of Confidential Victim 1 and potentially other child victims would likely have continued; (3) the sexual abuse suffered by Confidential Victim 1, was significant – it was months-long, frequent and permanently memorialized in photos; (4) by Karjala's own admission, he suffers from "addictive behaviors" that include inappropriate sexual behaviors with minors for which he has received no treatment and whose only expressions of

---

[4] The United States is cognizant that Confidential Victim 1 has not submitted a restitution request or a victim impact statement, however, restitution is mandatory. This is not surprising considering that Confidential Victim 1 reported being homeless during her last contact with FBI agents. The United States requests that the Court set a restitution hearing in approximately 90 days.

[5] The United States requests that the Court forfeit the following items as set out in the indictment: (1) Samsung Cell Phone, Model Number SCH-I535, IMEI 990002082602903; (2) Toshiba Laptop, Serial Number Z9105780Q; (3) HP Laptop, Serial Number 584037-001 and (4) HP Laptop, Serial Number CNF6371FQF.

remorse are found in the PSR; (5) the current offense is not Karjala's first contact with the criminal justice system; and (6) a sentence consecutive to his state prison term properly accounts for the separate nature of Karjala's crimes and his attempts to avoid responsibility after being initially arrested.

A sentence of 360 months accounts for the seriousness of the offense, provides for just punishment and deterrence, and avoids unwarranted sentencing disparity with other similarly situated defendants who received prison sentences for production of child sexual abuse material. Such a sentence also protects the public from further crimes by this defendant. Karjala was adept at finding his child victims on-line using electronic devices and could easily do so again, despite any physical limitations he may suffer.

The United States expects that Karjala, pointing to the § 3553(a) factors, will request that the Court vary downward from the advisory guideline sentencing range and impose a concurrent sentence. Specifically, it is expected that Karjala will point to his physical limitations since being wounded by the CHP officers, that he is currently in his early 50's, and that he has already been incarcerated for ten years without any known incidents. First, whatever physical limitations suffered by Karjala are the result of his own poor choices and desire to avoid accountability. Attempting to kill a police officer with hatchet is a serious crime and Karjala is fortunate to still be alive. Second, good behavior while incarcerated is expected. Third, the United States believes that Karjala's desire for a concurrent sentence is to potentially take advantage of a state prison program that allows inmates over age 65 to petition for early release. Moreover, after considering all of the facts in this case, the probation officer concluded that there were no facts that merited a variance outside of the advisory sentencing guidelines range <u>or</u> a concurrent sentence.

## V.     CONCLUSION

For all of the foregoing reasons, the United States requests that Karjala be sentenced to 360 months incarceration in Federal prison consecutive to his state prison sentence, followed by a life term

///

///

///

///

of supervised release, that he be required to register as a sex offender upon release, and be ordered to pay both the special assessment and restitution. The United States also requests that the Court set a restitution hearing in 90 days.

Dated: September 3, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ HEIKO P. COPPOLA
HEIKO P. COPPOLA
Assistant United States Attorney